IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID Q. WEBB, )
 )
 Plaintiff, )
 )
 v. ) C.A. No. 22-600-GBW
 )
ATTORNEY JAMES P. HALL, et al., )
 )
 Defendants. )
 )

## MEMORANDUM OPINION

David Q. Webb, Newark, Delaware.  Pro Se Plaintiff.

September 28 , 2022
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff David Q. Webb commenced this action on May 3, 2022.  (D.I. 2)

He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I.

4)  Pending is Plaintiff's request for electronic notification.  (D.I. 5)  The Court

proceeds to review and screen the Complaint pursuant to 28 U.S.C. §

1915(e)(2)(b).

## I.     BACKGROUND

The following facts are taken from the Complaint and assumed to be true for

screening purposes.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d

Cir. 2008).  The claims concern Plaintiff's automobile accident, his attorney's

refusal to provide proper legal representation, and his insurers refusal to provide

proper policy coverage.  (D.I. 2)

Plaintiff alleges violations of Title VI of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000d *et seq.*  He also raises claims under 42 U.S.C. § 1981, alleges

Defendants violated his rights under the Fourth and Fourteenth Amendments to the

United States Constitution under 42 U.S.C. § 1983, and raises supplemental state

claims for legal malpractice, intentional infliction of emotional distress, and

vicarious liability.

Plaintiff seeks compensatory and punitive damages.

1

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374

(quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d

Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

## III.   DISCUSSION

### A.   Title VI

Count I raises a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. The count fails to set forth plausible claims. Count I alleges that Phillips, McLaughlin & Hall, P.A. is a recipient of federal funds through the Paycheck Protection Program Loan program and that it, and its employees, engaged in intentional discrimination when it refused to properly provide Plaintiff legal representation as that afforded to white citizens in violation of 42 U.S.C. § 2000d, *et seq.* Exhibit 1 of the Complaint is an email authored by Plaintiff that states he terminated his legal relationship with Phillips, McGlaughlin, & Hall because he did "not feel through ten months of legal representation [its] concentration [did not] match the needs of [Plaintiff's] case." (D.I. 2-1 at 4)

Count I is pled in a conclusory manner. Moreover, there are no factual allegations that provide a plausible basis to conclude that Phillips, McGlaughlin, & Hall intentionally discriminated against Plaintiff because of Plaintiff's race, color

4

and/or national origin in violation of Title VI. *See* 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 282-83 (2001). Notably, Exhibit 1 indicates that Plaintiff terminated his legal relationship with Phillips, McLaughlin & Hall because its legal representation did not meet the needs of Plaintiff's case. It makes no reference to discrimination of any kind. Count I will be dismissed for failure to state a claim. Plaintiff will be given leave to amend Count I.

**B.     42 U.S.C. § 1981**

Count II raises a claim against Phillips, McLaughlin & Hall and James P. Hall under 42 U.S.C. § 1981 for violating the Fourteenth Amendment to the United States Constitution when they did not provide Plaintiff proper legal representation afforded to white citizens following Plaintiff's automobile accident in accordance with contingency contract agreement. It alleges that Defendants National General Insurance Company, Zurich American Insurance Company, Copart, Incorporated, Sedgwick Claims Management Services, Incorporated, and Amazon.com, Incorporated did not provide the same proper insurance coverage for an African American male (*i.e.*, Plaintiff) as it provided to white citizens insured by them in accordance with the insurance contracts and that they intentionally discriminated against Plaintiff by denying proper insurance coverage under the insurance contracts.

To state a claim under section 1981, a plaintiff must allege facts supporting: "(1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated by the statute, which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (cleaned up).

Plaintiff alleges in a conclusory manner without supporting facts an intent to discriminate on the basis of race. In addition, the Complaint's numerous exhibits do not reference discrimination of any kind. Accordingly, Count II will be dismissed. Plaintiff will be given leave to amend the claim.

### C.    42 U.S.C. § 1983

Counts III, IV, and V attempt to raise claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The claims fail as a matter of law. No Defendant is a state actor acting under the color of state law – a necessary element to state a claim under § 1983. Therefore, Counts III, IV, and V will be dismissed. Amendment is futile as to these counts.

6

**D.     Claims under Delaware Law**

**1.     Legal Malpractice**

Count VI alleges that attorney James P. Hall committed legal malpractice when he concealed National General Insurance Company's settlement offer to Plaintiff.  Plaintiff relies upon Exhibits 1 and 5 to support his claim.

To state a claim for legal malpractice under Delaware Law, Plaintiff must allege "(a) the employment of the lawyer, (b) the lawyer's neglect of a professional obligation, and (c) resulting loss." *Tarrant v. Ramunno*, 2017 WL 3725068, at *1 171 A.3d 138 (Del. Aug. 29, 2017) (unpublished).  To show a resulting loss, Plaintiff must show the underlying suit would have been successful but for the negligence of the lawyer. *Id.*

Here, Plaintiff alleges he retained Hall as counsel and that Hall did not relay a settlement offer to Plaintiff.  A reading of the Complaint does not suggest resulting loss.  As pled, Count VI fails to state a claim upon which can be granted.  Count VI will be dismissed.  Plaintiff will be given leave to amend Count VI.

**2.     Intentional Infliction of Emotional Distress**

Count VII raises an intentional infliction of emotional distress claim against Defendants Hall and Copart, Incorporated.  Count VII alleges that Hall ignored Plaintiff's "multiple urgent pleas of submitted and providing [Plaintiff] with evidence that he made an offer of settlement to Zurich American Insurance

7

Company" and Hall lied about not receiving a settlement offer all of which placed Plaintiff under extreme distress. The Complaint relies upon Count IV (that will be dismissed) to support an intentional infliction of emotional distress clam against Copart.

Delaware applies Restatement (Second) of Torts § 46 in defining the elements of intentional infliction of emotional distress. *See Cummings v. Pinder*, 574 A.2d 843, 845 (Del. 1990) (per curiam). That section imposes liability, in relevant part, on "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Outrageous conduct is "conduct that exceeds the bounds of decency and is regarded as intolerable in a civilized community." *Goode v. Bayhealth Med. Ctr., Inc.*, 2007 WL 2050761, at *2 (Del. July 18, 2007).

Count VII fails to state a claim for intentional infliction of emotional distress. As pled, it cannot be said that Defendants are liable for intentional infliction of emotional distress. As to Hall, the alleged behavior may be negligent but it does not amount to conduct that "exceeds the bounds of decency." As to Copart, the claims against it raised in Count IV (upon which Plaintiff relies) will be dismissed. Count VII fails to state claims upon which relief can be granted, and it will be dismissed. Plaintiff will be given leave to amend Count VII as to Hall.

### 3.     Vicarious Liability

Count VIII alleges that Phillips, McLaughlin & Hall, National General

Insurance Company, Zurich American Insurance Company, Copart, Incorporated,

Amazon.com, Incorporated, and Sedgwick Claims Management Services,

Incorporated, all are vicariously liable for the acts of their employees. All counts

of the Complaint will be dismissed. Thus, the vicarious liability claims are not

cognizable. *See Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720, 724 (Del. 2019).

Accordingly, Count VIII will be dismissed for failure to state claims upon which

relief can be granted. Plaintiff will be given leave to amend Count VIII.

## IV.     ELECTRONIC NOTIFICATION

Plaintiff seeks electronic notification. (D.I. 6) The motion will be denied

without prejudice. It is not clear if Plaintiff moves to file electronically or only

receive electronic notification. Regardless, a PACER account is necessary to

receive electronic notification. The Court requires that Plaintiff indicate he has

independently reviewed all of the materials and related topics on the Court's web

site related to electronic filing and he must have a PACER account. His motion

does not meet these requirements.

## V.     CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew

Plaintiff's request for electronic notification (D.I. 5); (2) dismiss the Complaint

9

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and (3) give Plaintiff leave to

amend Counts I, II, VI, VII, and VIII.

An appropriate Order will be entered.